UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAIN STREET BANK & TRUST, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-1114 |
| SAM HOLDER SALTONSTALL, | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Sam Holder Saltonstall's ("Saltonstall") Notice of Removal [Doc. #1]; Motion to Open Judgment by Confession [Doc. #2]; Motion to Amend/Correct Scrivener's Errors [Doc. #7]; and Motion for Leave to File Short Reply to Plaintiff's Response [Doc. #8]. For the reasons that follow, all motions are DENIED and this case is REMANDED to the state court for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine.

**I.
BACKGROUND**

On April 3, 2006, Plaintiff filed a Complaint and Confession of Judgment [Doc. #1-3] in the Eleventh Judicial Circuit Court for McLean County, Illinois. Plaintiff alleged that Saltonstall defaulted on a note that had been duly executed by him and that provided Plaintiff with a power of attorney to confess judgment. On April 6, 2006, the Illinois state court entered an "Order of Judgment on Complaint and Cognovit" [Doc.

#1-2], granting Plaintiff's judgment by confession. The state court determined that it had jurisdiction, that Saltonstall had duly executed the power of attorney to confess judgment, that the attorneys' fees ordered were usual and reasonable, and that the note was not a consumer transaction.

A copy of the state court order was mailed to Saltonstall on April 19, 2006. On May 3, 2006, Saltonstall filed with this Court a Notice of Removal [Doc. #1], along with a Motion to Open Judgment by Confession [Doc. #2]. In addition, on May 19, 2006, Saltonstall filed a Motion to Amend/Correct Scrivener's Errors [Doc. #7] and a Motion for Leave to File Short Reply to Plaintiff's Response [Doc. #8]. As a result, this Court entered a Text Order on June 8, 2006, ordering the parties to brief the issue of whether the *Rooker-Feldman* doctrine was applicable to the instant case. The parties' briefs are now before the Court. See [Def. Brief, Doc. #12; and Pl. Brief, Doc. #13].

## II.
## LEGAL STANDARD

Before reaching the merits of Saltonstall's Motion to Open Judgment by Confession, this Court must first determine whether it has jurisdiction over the instant matter. As this Court has previously explained, "'[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.'" Green v. Green, No. 05-4006, 2005 U.S. Dist. LEXIS 27892, at *5-6 (C.D.

Ill Nov. 8, 2005) (quoting <u>Illinois v. City of Chicago</u>, 137 F.3d 474, 478 (7th Cir. 1998)).  "This is true even if the parties fail to raise the jurisdictional issue themselves." <u>Id.</u> (citing <u>Robinson v. Bergstrom</u>, 579 F.2d 401, 404 (7th Cir. 1978) and <u>Levin v. Attorney Registration & Disciplinary Comm'n of the Supreme Court of Illinois</u>, 74 F.3d 763, 766 (7th Cir. 1996) (stating that subject matter jurisdiction cannot be waived and may be raised *sua sponte* at any point in the proceedings)).

### *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear claims seeking review of state court judgments.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) (stating that "[u]nless and until . . . reversed or modified, [the state-court judgment] would be an effective and conclusive adjudication"); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  This is because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."  <u>Brokaw v. Weaver</u>, 305 F.3d 660, 664 (7th Cir. 2002).

As the United States Supreme Court has recently held, the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

3

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under these circumstances, "claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." Taylor v. Fannie Mae, 374 F.3d 529, 532 (7th Cir. 2004). However, claims that indirectly seek to set aside a state court judgment, i.e., are "inextricably intertwined" with the judgment, may only be barred by the *Rooker-Feldman* doctrine if the state-court loser had a reasonable opportunity to raise his claims or issues in the state court. Taylor, 374 F.3d at 533. Thus, even claims that were not actually presented or argued in the state court may still be barred by the doctrine. See Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).

In determining whether a federal district court is in fact being asked to review a state court judgment, "[t]he fundamental and appropriate question to ask is whether the injury alleged by the [state-court loser] resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996). If the alleged injury resulted from the state court judgment, then it may not be reviewed by a federal district court. See Centres, Inc. v. Town of

4

Brookfield, 148 F.3d 699, 702 (7th Cir. 1998). In that situation, the state-court loser must seek relief through the state court system and ultimately to the United States Supreme Court; the federal district court does not serve as a bypass. See Long, 182 F.3d at 554. However, if the alleged injury is independent of the state court judgment and not "inextricably intertwined" with it, then the *Rooker-Feldman* doctrine does not apply. See Centres, 148 F.3d at 702.

The Seventh Circuit has identified at least two circumstances in which the alleged injury will be deemed independent of the state court judgment: (1) where the state-court loser challenges the constitutionality of a state law in general, rather than attacking the validity of the state court's judgment in his particular case, see Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) and Feldman, 460 U.S. at 485-86 (stating that general challenges to the constitutionality of a state court rule do not necessarily require a federal district court to review a particular state court decision); and (2) where the state-court loser alleges a prior injury that the state court judgment failed to remedy, rather than an injury caused by the state court judgment itself, see Centres, 148 F.3d at 702.

These fine line distinctions, however, have proven much easier for the federal courts to articulate, than to actually

5

apply in given cases. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) (stating that "[t]his difficulty is evinced by the varying outcomes courts reach when faced with similar facts."); Gary Thompson, Note, *The Rooker-Feldman Doctrine and the Subject Matter Jurisdiction of Federal District Courts*, 42 Rutgers L. Rev. 859, 880 n.95, 881 n.98 (1990) (comparing conflicting court decisions). As a result, the Seventh Circuit has developed a general rule of thumb for determining when to dismiss a case based on the *Rooker-Feldman* doctrine.[1] See Centres, 148 F.3d at 702-03. In Homola v. McNamara, the court provided the following guideline:

> A plaintiff who loses and tries again encounters the law of preclusion. The second complaint shows that the plaintiff wants to ignore rather than upset the judgment of the state tribunal. A *defendant* who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review.[2] It must be dismissed not on the basis of preclusion but for lack of jurisdiction.

59 F.3d 647, 650 (7th Cir. 1995) (emphasis in original).

### III.
### ANALYSIS

In his Brief, Saltonstall cites to a number of cases in support of his argument that this Court has proper jurisdiction

---

[1] This Court is cognizant of the Seventh Circuit's warning that the guideline is intended merely as an aid to the analysis and is not the analysis itself. See Centres, 148 F.3d at 703.

[2] This principle applies with equal force to situations "when a defendant seeks removal of a state suit to federal court." Taylor, 374 F.3d at 535.

over the instant matter -- all of which, however, are readily distinguishable, or, better yet, do not support his position. For instance, Saltonstall relies on the Supreme Court's decision in <u>Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280 (2005) and the Seventh Circuit's decision in <u>Truserve Corp. v. Flegles, Inc.</u>, 419 F.3d 584 (7th Cir. 2005), in support of his argument that the pendency of an action in state court does not necessarily preclude a party from initiating proceedings concerning the same subject matter in federal court.

While, the above-statement in general is correct, both cases relied upon by Saltonstall are factually inapposite to the instant matter. Unlike the judgment at issue in this case, the state court judgments in question in both <u>Exxon-Mobil</u> and <u>Truserve</u> were not rendered until after the federal district court actions had already begun. This fact alone is of key importance. As both the Supreme Court and the Seventh Circuit carefully explained, the *Rooker-Feldman* doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments ***rendered before the district court proceedings commenced*** . . ." <u>Exxon Mobil Corp.</u>, 544 U.S. at 284 (emphasis added); <u>Truserve Corp.</u>, 419 F.3d at 590 (quoting <u>Exxon Mobil Corp.</u>). Thus, the *Rooker-Feldman* doctrine is applicable to situations where the federal district court

7

proceedings do not commence until after a final state court judgment is rendered.

Here, the state court judgment at issue was rendered against Saltonstall on April 6, 2006, nearly one month before he removed the instant action to this Court and filed his Motion to Open Judgment by Confession (which in essence is a motion to vacate the state court order). Thus, the facts of the underlying case are factually inapposite to the facts in both Exxon-Mobil and Truserve -- where the state courts did not render final judgments until after the federal court proceedings had already commenced.

Nevertheless, in an attempt to avoid the obvious distinction between this case and the Exxon-Mobil and Truserve cases, Saltonstall argues that an order on a judgement by confession is not considered to be a final judgment in the state of Illinois, but, instead, simply an interlocutory order. See Truserve Corp., 419 F.3d at 591 (stating that an interlocutory state court order does not evoke the *Rooker-Feldman* doctrine because the state court proceedings are still pending). In support of this assertion, he relies on two Illinois appellate court decisions -- Hill v. Ben Franklin Sav. & Loan Ass'n, 112 Ill. App. 3d 750 (2d Dist. 1983) and Farmer City State Bank v. Henry, 138 Ill. App. 3d 854 (4th Dist. 1985). Neither of which, however, supports his argument.

8

In the Hill case, the Illinois Second District Appellate Court expressly held that "[t]here is no doubt that, upon entry, the July 24, 1981, order granting judgment [by confession] against the Hills in the amount of $69,697.14 was a **final order**." 112 Ill. App. 3d at 754 (emphasis added). The Court went on to explain that the order granting the judgment by confession "ceased to be a final judgment when Ben Franklin caused the summons to issue to confirm the judgment by confession. . . . Once the confirmation proceeding is initiated, the defendant has a right to plead and the judgment is to be disregarded." Id. (citing City-Wide Realty Co. v. Fryer, 70 Ill. App. 3d 649, 653 (1st Dist. 1979)). Only at this time, will the order granting the judgment by confession become an interlocutory order. See id. at 754-55.

Likewise, in the Henry case, the Illinois Fourth District Appellate Court also held that an order granting a judgement by confession is in fact a final order, and only ceases to be a final order once confirmation proceedings have commenced. See Henry, 138 Ill. App. 3d at 857-58. The court concluded that simply issuing a summons to confirm the judgment was insufficient to turn a final order on a judgment by confession into an interlocutory order under the Hill exception. Id. at 858. Instead, the Henry court explained that "formal action" must be taken to initiate confirmation proceedings before an

9

order granting a judgment by confession will be deemed interlocutory in nature and, thus, not final. Id. (explaining that it was "clear that confirmation proceedings were never contemplated[,]" because "formal action" had not been taken to confirm the judgment).

In the instant case, Plaintiff did not take any steps to have the judgment by confession confirmed, and Saltonstall did not file his Motion to Open the Judgment by Confession until after removing the case to federal court. Thus, the state court order granting the judgment by confession is, and, always has been, a final order as of the date in which it was entered -- April 6, 2006. See [Doc. 1-2, pgs. 2-3].

As a result, the *Rooker-Feldman* doctrine prohibits this Court from exercising jurisdiction over the instant matter. That is, to grant Saltonstall's Motion to Open Judgment by Confession [Doc. #2], this Court would effectively be required to vacate a final state court order which was entered on April 6, 2006, one month prior to the action being removed to the federal court. In other words, as the United States Supreme Court would put it, Saltonstall is a "state-court loser[] complaining of injuries caused by [the] state-court judgment[] rendered before the district court proceedings commenced . . ." Exxon Mobil Corp., 544 U.S. at 284.

As such, it is clear to this Court that Saltonstall's Motion to Open Judgment by Confession is not merely "inextricably intertwined" with the state court judgment but, instead, directly seeks to have the state court judgment set aside. In essence, Saltonstall's Motion is a de facto appeal, and is barred by the *Rooker-Feldman* doctrine without additional inquiry. See Taylor, 374 F.3d at 532.

## IV.
## CONCLUSION

Accordingly, it is ORDERED that all motions [Docs. #2, #7, and #8] are DENIED and this case is REMANDED to the state court for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine.[3] It is FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of the instant order to the clerk of the Eleventh Judicial Circuit Court for McLean County, Illinois. At which time, the state court may thereupon proceed with this case. See id.

ENTERED this  16th  day of August, 2006.

/s/ Joe B. McDade
Joe Billy McDade
United States District Judge

---

[3] Under the relevant provision of the federal removal statute: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).